# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 5:12-cr-1-RBD-PRL

WILLIAM CHRISTOPHER
DEMPSEY

_____

## ORDER

Before the Court is Defendant William Christopher Dempsey's motion for compassionate release. (Doc. 82.) The motion is due to be denied.

## BACKGROUND

In 2012, Defendant pled guilty to distribution of child pornography and was sentenced to 240 months in prison. (Docs. 28, 45, 46); *see* 18 U.S.C. § 2252A(a)(2)(B). He now moves for compassionate release because he is the only available caregiver for his mother, who has difficulty walking due to chronic leg and back pain. (Doc. 82, pp. 2–3; *see* Doc. 82-6.) The Government opposes. (Doc. 84.) The matter is ripe.

## STANDARDS

As amended by the First Step Act, the statute governing compassionate release sets forth the limited circumstances in which a court may modify a sentence. 18 U.S.C. § 3582(c)(1)(A). A court may grant release when: (1) the

defendant exhausted his administrative remedies with the BOP;[1] (2) the 18 U.S.C. § 3553 sentencing factors support release; (3) extraordinary and compelling reasons warrant release; and (4) the defendant is not a danger to the community. *See id.*; U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13(a) (U.S. Sent'g Comm'n, amended 2023). The defendant bears the burden of demonstrating release is warranted. *See United States v. Heromin*, No. 8:11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

The § 3553 factors include: (1) the nature of the offense and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the need to afford adequate deterrence; and (4) the need to protect the public. *See* 18 U.S.C. § 3553(a).

Six circumstances now qualify as "extraordinary and compelling reasons" warranting release, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." *See* U.S.S.G. § 1B1.13(b)(3)(C). *See generally United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021).

To evaluate whether a defendant poses a danger justifying detention, a court should consider: (1) the nature and circumstances of the offense; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant;

---

[1] The Government does not contest that Defendant has exhausted his administrative remedies, so the Court does not address that issue. (Doc. 84, p. 5.)

and (4) the nature and seriousness of the danger to the community. *See* 18 U.S.C. § 3142(g).[2]

## ANALYSIS

Here, Defendant does not demonstrate that he should be granted compassionate release. First, Defendant offers no supporting documentation that his mother is incapacitated. (*See* Doc. 82; Doc. 84-2, p. 5); *see United States v. Siebert*, No. 2:20-cr-79, 2024 WL 1466377, at *2 (M.D. Fla. Apr. 4, 2024) (denying compassionate release where defendant offered no supporting documentation about stepmother's medical condition). Nor does Defendant show that he would be the only caregiver for his mother, especially as he would live with his brother on release. (*See* Doc. 82, p. 4); *United States v. Bennett*, No. 8:90-cr-305, 2023 WL 7166756, at *4 (M.D. Fla. Oct. 31, 2023) (compassionate release denied where there might be other caregivers for the defendant's incapacitated spouse).

Further, the § 3553 and § 3142(g) factors weigh strongly against Defendant's release. He took sexualized photographs of a three-year-old child and tried to distribute them online. (Doc. 49, pp. 5–6.) His statutory maximum sentence was 240 months, but the Court found that the unique facts of this case would have warranted an even greater sentence. (*Id.* at 22–23.) As the Court previously found,

---

[2] Factor 2, the weight of the evidence against the defendant, has no relevance in a post-conviction application of the dangerousness consideration.

the Defendant's fiduciary relationship with his victim and status as a convicted sex offender establish he is a danger to the community. (Doc. 69, p. 4); *see United States v. Dempsey*, No. 20-14162, 2022 WL 711290, at *2 (11th Cir. Mar. 10, 2022) (affirming this finding). So even if Defendant succeeded under § 1B1.13, he still would not warrant release. *See* U.S.S.G. § 1B1.13(a)(2) (release denied unless defendant is not a danger to the community). So Defendant has failed to meet his burden of demonstrating he is entitled to compassionate release. *See Heromin*, 2019 WL 2411311, at *2.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion (Doc. 82) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 26, 2024.

ROY B. DALTON, JR.
United States District Judge